UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT YOUNG,<br><br>    Petitioner,<br><br>    v.<br><br>M. BITER,<br><br>    Respondent. | Case No. CV 16-00520 JLS (RAO)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    On July 8, 2016, the United States Magistrate Judge issued a Report and Recommendation, recommending (1) that the Petition for Writ of Habeas Corpus filed by Petitioner Robert Young ("Petitioner") be denied, and (2) that this action be dismissed with prejudice. On July 26, 2016, Petitioner, proceeding *pro se*, served his objections to the Report and Recommendation. The Magistrate Judge's Report and Recommendation sufficiently addresses the bulk of the arguments Petitioner makes in his objections. The Court, however, does address one argument raised therein.

    Petitioner objects to the Magistrate Judge's recommendation, in part, because *Miller v. Alabama*, ⸺ U.S. ⸺, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), the case announcing the right Petitioner relies on, was not deemed a substantive rule of constitutional law with retroactive effect until the United States Supreme Court's

January 25, 2016, decision in *Montgomery v. Louisiana*, ⎯⎯ U.S. ⎯⎯, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016). Presumably, therefore, Petitioner believes that the Antiterrorism and Effective Death Penalty Act ("AEDPA")'s limitations period did not start to run until January 25, 2016, making his March 22, 2016, petition timely.

Under 28 U.S.C. § 2244(d)(1)(C), AEDPA's one-year statute of limitations begins to run on "[t]he date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" The Supreme Court has stated that the foregoing text "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Dodd v. United States*, 545 U.S. 353, 357, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005) (construing parallel provision in 28 U.S.C. § 2255 and noting that "[w]hat Congress has said . . . is clear: An applicant has one year from the date on which the right he asserts was initially recognized by th[e United States Supreme] Court").

*Miller v. Alabama* was decided on June 25, 2012. Nearly four years later, on March 22, 2016, the Petition was filed. As the Magistrate Judge noted, Petitioner is not entitled to statutory or equitable tolling. Thus, the Petition is untimely. *Dodd*, 545 U.S. at 357; *see also Allen v. LeGrand*, 2014 WL 4162261, at *3 (D. Nev. Aug. 20, 2014) (noting that when "§ 2244(d)(1)(C) applies, the start date of the one-year period is the date that the Supreme Court initially recognizes the new constitutional right, not the date that the right is determined to apply retroactively[,]" and finding that even if *Miller* applied, § 2244(d)(1)(C)'s one-year period had already expired because petitioner mailed his petition "more than a year after the *Miller* decision").

/ / /

/ / /

/ / /

/ / /

1       Given the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's objections. The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

      IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

DATED: September 12, 2016

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE